**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**RANITA BUTLER,**

    *Plaintiff*,

v.                                                    Case No. SA-22-CV-0632-JKP

**CAROL AUNE C/O JENNIFER L.**
**JANEIRO, ATTORNEY NATIONAL**
**TORT CENTER, et al.,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion to Dismiss* (ECF No. 2) filed by Defendant Carol Aune C/O Jennifer L. Janeiro, Attorney National Tort Center. Plaintiff proceeds pro se and has filed no response to the motion. The time for responding has passed. For the reasons that follow, the Court grants the motion.

### I. BACKGROUND

Plaintiff initiated this litigation on or about May 11, 2022, by filing an initial pleading, captioned as "Petition: Small Claims Case," in the Justice Court for Precinct 1, Place 2 of Bexar County, Texas (the County Court). On June 17, 2022, Defendant removed this action to this Court. *See* Notice of Removal (ECF No. 1). Plaintiff Ranita Butler asserts a claim arising from damage sustained to her personal vehicle during a fire outside a branch of the United States Postal Service ("USPS") where she worked. Prior to commencing this litigation, she submitted an administrative claim to USPS pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672. Plaintiff's original pleading identifies as Defendants the United States Postal Service National Tort Center; Carol Aune, the USPS Tort Claims Coordinator; and Jennifer Janeiro, an attorney at the USPS National Tort Center. *See* ECF No. 1-1 at 5-6.

Asserting sovereign immunity and moving pursuant to Fed. R. Civ. P. 12(b)(1) and the derivative jurisdiction doctrine, movant seeks dismissal for lack of jurisdiction. Plaintiff has not responded.

## II. JURISDICTION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case." *Morgan v. FBI*, No. A-16-CV-1264-LY, 2017 WL 1322249, at *2 (W.D. Tex. Apr. 10, 2017) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"The derivative jurisdiction doctrine maintains that when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). Consequently, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." Id. (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Although the derivative jurisdiction doctrine no longer applies for removals under 28 U.S.C. § 1441, the doctrine remains applicable for § 1442 removals. *See id*. at 350-51.

Defendants removed this action to federal court under § 1442. Plaintiff, furthermore, sought to pursue a tort claim for damage to her property that is only available under the FTCA. Because jurisdiction over an FTCA action lies exclusively within the federal courts, the state court lacked jurisdiction over Plaintiff's FTCA claim, and under the derivative jurisdiction doctrine, the removal to federal court under § 1442 did not cure that jurisdictional defect. *See Colonial Cnty.*

*Mut. Ins. Co. v. United States*, No. SA-15-CV-917-XR, 2015 WL 7454698, at *1-2 (W.D. Tex. Nov. 23, 2015). Accordingly, the Court grants the motion to dismiss and dismisses this action without prejudice. *See id*. at *3.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss* (ECF No. 2) and **DISMISSES** this action without prejudice for lack of jurisdiction. The Court will issue a separate judgment to dismiss and close this case.

**SIGNED this 4th day of October 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**